CHOU *v.* HILGERS

1. STATUTES—CONSTRUCTION.

Words in a statute must be given their ordinary meaning unless it appears from the context of the statute or otherwise that a different meaning was intended.

2. STATUTES—CONSTRUCTION—"MAY"—"SHALL".

The word "may" in a statute is permissive and the word "shall" is mandatory where the statute uses both "may" and "shall".

3. MASTER AND SERVANT—WAGES DUE—EMPLOYEE'S DEATH—STATUTES.

Statute governing payment of wages due to a deceased employee imposes no duty on an employer to pay wages of an employee to a member of the employee's family if, during the employee's lifetime, the employee has filed a sworn statement designating a beneficiary (MCLA § 408.522).

4. MASTER AND SERVANT—WAGES DUE—EMPLOYEE'S DEATH—EMPLOYER'S DUTY—STATUTES.

An employer *may* pay earned wages to a member of a deceased employee's family and only if he chooses so to pay the wages must he pay according to the preferences set forth in the applicable statute or as changed by the deceased during his lifetime (MCLA § 408.522).

5. MASTER AND SERVANT—WAGES DUE—EMPLOYEE'S DEATH—EMPLOYER'S DUTY—STATUTES—PURPOSE.

Statute governing the payment of wages to a member of a deceased employee's family is intended to benefit the employer in allowing him to obtain a full discharge for wages paid in accordance with the statute, even if probate of the estate has

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 235 *et seq.*
[2] 50 Am Jur, Statutes § 28.
[3–6] 53 Am Jur 2d, Master and Servant § 93.

not begun; the statute was not intended to establish a tool for an employee's estate planning (MCLA § 408.522).

6. MASTER AND SERVANT—WAGES DUE—EMPLOYEE'S DEATH—DESIGNATION OF BENEFICIARY—CONTRACTS.

  A form signed by both the employee and employer designating the beneficiary chosen by the employee to receive his wages due at death does not give enforceable contract rights to the designated beneficiary, because the form, not evidencing consideration, a meeting of minds, or any other of the essential contract elements, is not a contract.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 February 3, 1971, at Grand Rapids. (Docket No. 8498.) Decided March 30, 1971.

Complaint by Jeshu T. L. Chou and Cynthia H. Chou, as co-guardian of Power Li Han, a minor, to compel Marie C. Hilgers, administratrix of the estate of Chi Yeh Han, to pay assets, representing wages due to the deceased, held by the estate. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Norman McLean,* for plaintiffs.

*Dartland, Johnson & Kedzior, P. C.* (by *Walter T. Dartland*), for defendant.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. This appeal arises out of a suit to compel the administratrix of the estate of Chi Yeh Han to pay the plaintiffs certain assets in her hands which represent wages due and owing to the deceased at the time of his death. From a judgment in favor of defendant, plaintiffs appeal.

Shortly after joining the faculty of Michigan Technological University, Chi Yeh Han executed a form entitled "Beneficiary Designation", which directed the university to pay all compensation due him at the time of his death to his son, Power Li Han. Chi Yeh Han died on February 19, 1967, and his will, dated April 18, 1966, was admitted to probate. The will bequeathed all his property to his wife and children. Over the objection of the legal guardians of Power Li Han, the university paid the money to the probate court for distribution according to the terms of the will. The plaintiffs then initiated the present suit to compel the administratrix of the will to deliver the wages in question to Power Li Han as provided in the beneficiary designation form.

The plaintiffs contend that the lower court incorrectly interpreted the meaning of MCLA § 408.522 (Stat Ann 1968 Rev § 17.272), and the beneficiary designation form executed pursuant to it.

The statute in question reads as follows:

"In case of the death of any employee, the employer, including the state and any political subdivision thereof only for the purpose of this section, *may* pay the wages due to such deceased employee to the spouse, children, father or mother, sister or brother of the deceased employee. Preference shall be given to these persons in the order named unless the employee, by a sworn statement which has been filed with the employer prior to death, has established a different order, without requiring letters of administration to be issued upon the estate of the deceased employee. If the deceased employee does not leave a spouse, children, father, mother, sister or brother surviving him, the employer may pay the wages due such deceased employee to the creditors of such deceased employee as follows: Undertaker, physician, hospital, boardinghouse keeper and nurse,

each their pro rata share of wages due such employee, upon a sworn statement of the amount due, without letters of administration being issued. 'Wages' includes reimbursement for travel or other expenses which were due to the deceased employee. Payment of such wages shall be a full discharge and release of the employer from the wages so due and paid." MCLA § 408.522 (Stat Ann 1968 Rev § 17.272). (Emphasis supplied.)

The lower court held that the statute in question is permissive in nature and that the mere filing of a sworn statement to change the order of preference does not make it mandatory. It is plaintiffs' position that the statute is permissive, but once a sworn statement is filed changing the order of preference, there arises an enforceable contract to pay earned wages to the designee.

In interpreting a statute, the words therein must be given their ordinary and usual meaning unless it appears from the context or otherwise that a different meaning was intended. *Jewel Tea Company, Inc.* v. *Board of Pharmacy* (1953), 335 Mich 673. Applying this rule to the case at bar, we are of the opinion that the statute imposes no duty on an employer to pay wages of an employee to a member of his family if, during his lifetime, he has filed a sworn statement designating a beneficiary. Significantly, the statute in question uses both the word "may" and the word "shall". From this it can be inferred that the legislature intended to convey a different meaning by those words: "may" being permissive; "shall" being mandatory. See *McLogan* v. *Craig* (1969), 20 Mich App 497. The obvious import of the statute is that the employer "may" pay earned wages to a member of the deceased's family, and only if he chooses to do so, is he obligated to pay according to the preferences set forth in the

statute or as changed by the deceased during his limetime. The "shall" refers to the question of who shall get paid, not to the question of the employer's obligation to pay.

Furthermore, an evaluation of the purpose of the statute confirms this interpretation. The clear import of the statute is to provide for the expeditious handling of the numerous but relatively small claims made against employers for wages due a deceased employee. An employer is permitted to obtain a full discharge where he pays in accordance with the aforementioned provisions, even though probate of the estate has not yet begun. The purpose of the statute, then, is to benefit the employer, rather than to establish a tool to be used by the employee as part of his estate planning.

Nor can we accept plaintiffs' contention that the beneficiary designation form, in and of itself, is a contract to pay the named beneficiary at the death of the employee. The provisions of the form are as follows:

"Superseding any previous instruction, I hereby designate the person named below as my beneficiary to receive all compensation due to me in the event of my death while an employee of Michigan Technological University. I understand that the death of the named beneficiary, divorce of my spouse (husband or wife) if named as beneficiary, or my separation from the College voids this designation. I also understand that this designation may be canceled or changed only by filing a new form with the College personnel office."

At the bottom of the form, the signatures of Chi Yeh Han and a representative of the college appear. It hardly requires comment that the above language does not purport to set forth contractual obligations. In fact, plaintiffs have failed to demonstrate

the existence of a meeting of the minds, consideration, or any other of the essential elements of contracts. In such a case, it is our duty to affirm.

For the foregoing reasons, the judgment of the lower court is affirmed.

Affirmed.