PHIPPS *v* CAMPBELL, WYANT & CANNON FOUNDRY

VALT *v* WOODALL INDUSTRIES, INC

1. WORKMEN'S COMPENSATION—FULL WAGES—AVERAGE DAILY WAGE.
   The incapacity to earn full wages for a week, sufficient to invoke the operation of the Workmen's Compensation Act, is not satisfied by the mere loss of an hour's wages, or even by loss of all wages for a day or two days out of a week; the statute requires at the minimum, the earning by an employee of less than his average daily wage on each and every working day of the week (MCLA 412.3).

2. STATUTES—CONSTRUCTION.
   Words in a statute are to be given their ordinary and usual meaning unless it appears from the context of the statute or otherwise that a different meaning was intended.

3. STATUTES—CONSTRUCTION.
   Words used in one place in a statute have the same meaning in every other place in the statute.

4. WORKMEN'S COMPENSATION—COMPUTATION OF BENEFITS.
   Compensation will not be paid under the Workmen's Compensation Act for any injury which does not incapacitate the employee for a period of at least seven consecutive days from earning full wages, *i.e.*, at least average daily wages on each and every working day of the week, but if incapacity extends beyond the period of seven consecutive days, compensation will begin on the eighth day after the injury; if such incapacity continues for the period of 14 consecutive days or longer, or if death results from the injury, compensation will be computed from the date of the injury (MCLA 412.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur Workmen's Compensation § 284 *et seq.*
[2] 50 Am Jur, Statutes § 238 *et seq.*
[3] 50 Am Jur, Statutes § 271.
[4–6] 58 Am Jur, Workmen's Compensation § 281 *et seq.*

5. Workmen's Compensation—Computation of Benefits—First-Week Incapacity.

   An injured employee returning to his employment on the 15th consecutive calendar day, or later, following injury, and having been unable, on *each* workday during that period, to earn at least his average daily wage, is entitled to workmen's compensation benefits for both weeks of incapacity; an injured employee who returns to his employment prior to 14 calendar days following his injury, is not entitled to benefits for the first week of incapacity.

6. Workmen's Compensation—Computation of Benefits—Daily Benefits.

   The workmen's compensation benefits owing an injured employee who has returned to work prior to 14 calendar days from his injury are computed from the eighth calendar day of total incapacity based on the weekly compensation, being 66-2/3% of the employee's average weekly wage, subject to the limits set in the statute; the weekly compensation figure is divided by the number of days in the particular employee's own workweek to arrive at the amount of compensation owing for each day of the week during which the disability persists and this daily compensation figure is multiplied by the number of days of the employee's total incapacity; the result provides the amount of compensation benefits owing the employee (MCLA 412.3, 412.9[a]).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 February 2, 1972, at Grand Rapids. (Docket Nos. 10543, 10665.) Decided March 21, 1972. Leave to appeal granted as to *Valt* v *Woodall Industries, Inc.*, 387 Mich 796.

Guy Phipps presented his claim for workmen's compensation benefits against Campbell, Wyant & Cannon Foundry, Division of Textron, Inc., and Aetna Casualty & Surety Company. The Workmen's Compensation Appeal Board affirmed the referee's award of compensation to plaintiff Phipps. Defendants appeal by leave granted. (No. 10543.)

Sarah Valt presented her claim for workmen's compensation benefits against Woodall Industries,

Inc., and Associated Indemnity Corporation. The Workmen's Compensation Appeal Board reversed the referee's denial of compensation to plaintiff Valt. Defendants appeal by leave granted. (No. 10665.) Cases consolidated. Reversed and remanded with instructions in both cases.

*Zwerdling, Miller, Klimist & Maurer,* for plaintiff Valt.

*John Miley* (*E. R. Whinham, Jr.,* of counsel), for defendants Woodall Industries, Inc., and Associated Indemnity Corp.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone*), for defendants Campbell, Wyant & Cannon Foundry and Aetna Casualty & Surety Company.

*Amici Curiae:*

Aetna Casualty & Surety Company, American Insurance Association, American Mutual Insurance Alliance, Auto-Owners Insurance Company, Citizens Mutual Automobile Insurance Company, Employers Mutual of Wausau, Liberty Mutual Insurance Company, Michigan Mutual Liability Company, and Michigan State Accident Fund, by *Charles H. King.*

Michigan Manufacturers Association, Michigan Road Builders' Association, Michigan Retailers Association, National Electrical Contractors' Association—Michigan Chapter, Associated Petroleum Industries of Michigan, Michigan Automobile Dealers Association, Michigan Chapter Associated General Contractors of America, Inc., Michigan Dairy Foods Association, Michigan Wine Institute, Michigan

Automotive Wholesalers' Association, Michigan Trucking Association, Michigan Institute of Laundry and Drycleaning, and Michigan Food Dealers' Association, by *Beaumont, Smith & Harris* (by *Dwight H. Vincent, J. Walker Henry,* and *Paul A. DePrez*).

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, by *Zwerdling, Miller, Klimist & Maurer.*

Michigan State Building and Construction Trades Council, AFL-CIO, and Detroit Building and Construction Trades Council, AFL-CIO, by *Prebenda & Prebenda.*

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

FITZGERALD, P. J. In these cases, consolidated for purposes of review, leave to appeal was granted to defendants by this Court from determinations of the Workmen's Compensation Appeal Board. Both cases involve the Workmen's Compensation Act[1] and the proper statutory interpretation to be accorded to part II, §§ 3, 9, 10, and 11 thereof. In each case, the board ruled that plaintiff employee was entitled to recover weekly compensation benefits for the first week of disability although the plaintiffs returned to their employments within two weeks

---

[1] 1912 PA (1st Ex Sess) 10, as amended. MCLA 411.1 *et seq.;* MSA 17.141 *et seq.*

The act states in the preamble thereof, in part, the following:

"An Act to promote the welfare of the people of this state, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the disability or death resulting from occupational injuries or disease or accidental injury to or death of employees and methods for the payment, and apportionment of the same  *  *  *  ."

after their injuries.   Defendants contest the propriety of the board's determinations.

In the case of plaintiff Guy Phipps, the facts appear to have been stipulated by the parties before the hearing referee.   Those facts are reflected in the appellate brief of defendants Campbell, Wyant & Cannon Foundry, Division of Textron, Inc., and Aetna Casualty & Surety Company, as follows:

"Plaintiff was employed by Campbell, Wyant & Cannon Foundry Company, working the 11:00 o'clock p.m. to 7:00 o'clock a.m. shift.   He punched in for work at 11:00 o'clock p.m. on Sunday, January 22, 1967.   At 3:30 o'clock a.m. on January 23, 1967, he was burned and taken to a hospital.   He was able and did return to work on February 5, 1967, punching in for work that evening at 11:00 p.m.   He was paid for five days of compensation, but no benefits were paid for the first seven days of disability.   Plaintiff's application for benefits was filed solely to obtain benefits for those first seven days."

The hearing referee, by order of August 3, 1968, found that plaintiff was entitled to weekly benefits for the first week of disability, on the basis that he was, in fact, off work for two full weeks.

On review by the Workmen's Compensation Appeal Board, pursuant to a claim for review filed with the board by defendants on August 15, 1968, it was determined that the referee's decision was not in error.   The board stated in its opinion of October 29, 1970, in part:

"In the brief submitted on review defendant states:

" 'The sole question presented by his application was whether, under the undisputed facts, he was entitled to weekly compensation for the first week of disability.   The referee held that he was.   From

the award granting benefits for the first seven days of disability, defendants have appealed. They submit that the decision of the hearing referee was patent error.'

It is defendant's claim that plaintiff was only disabled a total of 13 days and therefore was not entitled to payment of the first week's wage loss because he was not disabled two full weeks. We do not agree with the arguments submitted in support of defendant's position. The statutory test for determining whether compensation is payable during both weeks is whether the disablement caused an incapacity to earn 'full wages' during that week. * * * The Legislature chose the weekly wage as the standard for measuring the wage loss. * * * They further decreed in § 11 that 'The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at. the time of the injury * * * .' Section 9 provides that while this impairment of earning capacity is total the employee shall be paid the amounts prescribed therein. Section 10 provides that while the incapacity for work is partial the amount set forth in that section shall be payable to the employee. Section .3 which defendant relies upon also speaks of disablement which prohibits the employee 'from earning full wages.' All these sections without exception gauge the amount of compensation payable upon the percentage of loss in weekly wages, nowhere is there found authority for measuring hourly loss, daily loss, monthly loss, annual loss, *etc.* * * * The stipulated facts show this employee's incapacity to earn 'full wages' extended for two weeks, not one as asserted by defendant. The compensation payable as directed by the referee when added to any earnings he may have had during the second week would not exceed

the average weekly wage earned at time of injury ($152.95). This is evident regardless of whether the count starts on the 22nd or 23rd and ends on the 4th or 5th."

In the case of plaintiff Sarah Valt, the matter of her compensation, as an injured employee of defendant Woodall Industries, Inc., was submitted to the Workmen's Compensation Department on the basis of the following stipulated facts:

"Claimant received an injury arising out of and in the course of her employment with the defendant on May 23, 1968. At the time of her injury, her average weekly wage was $111.36. Due to her injury, she did not and could not return to employment until June 3, 1968. The employer, through his insurance company, paid benefits for the last two days of disability. Payment was based on a daily rate of 10.655 dollars compensation computed through dividing the weekly rate of $64 by 6. Thus, the claimant received compensation in the amount of $21.33.

"It is stipulated that this case does not put into issue the right of claimant for any possible future benefits under this act."

The hearing referee found that no compensation was due plaintiff employee for the first week of incapacity and ordered payment of $38.14 for time lost during the second week.

The appeal board reversed the decision of the referee and held, as in the *Phipps* case, that plaintiff was entitled to compensation as computed from the date of injury; plaintiff having, in the board's estimation, been disabled from earning "full wages" during the first and second weeks following the injury. In its opinion, dated October 23, 1970, the board considered, first, the method of computation of benefits under the act and, second, the period

for which plaintiff was entitled to benefits in this case. The opinion contained in part, the following:

"One of the questions presented here is stated in the brief filed on behalf of plaintiff to be as follows:

" 'Does the workmen's compensation act which, in the case of partial disability calls for payment of 2/3rds of the difference between actual and prior wages, and in the case of total disability calls for payment of 2/3rds of the average weekly wage, authorize a daily compensation rate based on fractional portions of the weekly rate?'

"The brief filed on behalf of defendant states the issue to be as follows:

" *'What amount of compensation is due to an employee who was totally incapacitated for one week and two days immediately following her injury?'*

\*       \*       \*

"The Workmen's Compensation Act simply makes too many references to a weekly loss and a weekly payment to believe that the Legislature intended the use of any standard other than that of a weekly basis in ascertaining the loss and the payment of compensation therefor. Throughout Part II which provides the method of payment of compensation the exclusive standard referred to is a weekly computation. The wages earned at the time of injury is by statutory enactment in § 11, Part II, converted to a weekly wage. Furthermore, § 11, Part II provides that, 'The weekly loss in wages \* \* \* shall consist of such percentage of the average weekly earnings \* \* \* as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the injury.' This enactment which provides the method for determining the compensable loss permits no standard other than that of the weekly basis for determining the loss. \* \* \* Section 9 provides for payment of such loss in case of total disability. Section 10 provides for payment of such loss in case of partial disablement

and all these sections provide for compensation to be paid for the loss upon a weekly basis. * * * Section 9, which compensates for loss due to total disablement * * * require[s] payment each week of 66-2/3% of the average weekly wage at time of injury, not to exceed the amounts otherwise enumerated in these sections. The amount payable through § 9 is further limited by a 1927 amendment to the statute found in § 11, which prohibits the wages earned after injury in the same or other employment, when added to the compensation payable, from exceeding the average weekly wage earned at time of injury. Section 10, Part II, which provides the means for compensating for loss due to partial disablement requires a payment of 2/3 of the loss suffered each week not to exceed the maximums otherwise contained in § 10.

* * *

"It is here undisputed that plaintiff was totally disabled during the period of her wage loss. Her rights to compensation are governed by the provisions of §§ 9 and 11, Part II. Section 9 provides that she be paid 66-2/3% of the wages earned at the time of the injury (2/3 of $111.36) but no more than $64 per week. Section 11, however, limits this payment through the proviso enacted in 1927, which provides that, 'the compensation payable, when added to his wage earning capacity after the injury *in the same or other employment* shall not exceed his average weekly earnings at the time of such injury.' (Emphasis supplied.) Plaintiff is therefore entitled to the full difference between her earnings during the balance of the week after her return to work and her weekly wage at the time of injury.

* * *

"The second issue presented here is stated in plaintiff's brief to be as follows:
" 'When a statute provides for payment of compensation where an employee is incapacitated "from earning full wages" for "at least one week" and

further provides that "if such incapacity continues for two weeks or longer   *   *   *   compensation shall be computed from the date of injury" is it proper to refuse payment for the first week until and unless an employee is incapacitated for 14 consecutive and accumulative days?'

"Defendant states this issue as follows:

" '*Whether an employee is entitled to be compensated for the first week of incapacity when her incapacity did not continue for two weeks or longer?*'

"The referee relied heavily upon the fact that § 3, Part II now speaks of the eighth day following the injury and reasons from this that plaintiff was not entitled to be compensated for wage loss occurring during the first week.  We do not agree.

\*   \*   \*

" 'Sec. 3.  No compensation shall be paid under this act for any injury which does not incapacitate the employee for a period of *at least 1 week from earning full wages,* but if incapacity extends beyond the period of 1 week, *compensation shall begin on the eighth day* after the injury.  *If such incapacity continues for 2 weeks or longer* or if death results from the injury, compensation shall be computed from the date of the injury.'  (Emphasis supplied.)

"The term '2 weeks or longer' used by the Legislature does by reason of the use of the conjunctive 'or' include the second week as well as the longer period of disablement.   *   *   *   The employee does not have to be totally disabled or even partially disabled during the entire seven days of the week before these waiting periods become effective.  He only has to show that he is disabled from earning 'full wages' during the week involved.  This inability to earn 'full wages' could be due to death, total disability, or partial disability.  The identity of the week is made clear in the Attorney General's opinion and we agree that the first week begins the day after the injury and the second week begins on the

eighth day following the injury and is composed of the eighth day and the next six following.

\*  \*  \*

"In the instant case it has been stipulated that plaintiff was disabled from earning full wages during a period of two weeks following her injury. It was further stipulated that she was totally disabled during the period of her incapacity. Her right to be compensated for such loss is controlled by the provisions of § 9, Part II, subject to the 1927 amendment to § 11, Part II.

"The words 'full wages' used by the Legislature in § 3, Part II, are not redundant as defendant would have us hold. I submit and hold that the pivotal words of § 3 are those which refer to the employee's incapacity to earn 'full wages' each week coupled with the proviso found in the last sentence of § 3, which gives the employee the right to be compensated for the first week's incapacity to earn full wages 'if such incapacity continues for 2 weeks or longer.' The term 'such incapacity' found in the last sentence of § 3, can only relate to the incapacity defined in the section, *i.e.:* incapacity from 'earning full wages.' The term '2 weeks or longer' encompasses the second week as well as the 'longer' period. It is here stipulated that plaintiff suffered an incapacity from 'earning full wages' during a period of two weeks following her injury. It was further stipulated that plaintiff's inability to earn full wages was due to a state of total disability. We held above in answer to the first question presented that plaintiff was entitled to be compensated for such wage loss during the second week in accordance with the provisions of § 9 subject to the limitation provided in § 11. The issue presented in the second question is whether she is entitled to be compensated for the incapacity to earn full wages during the first week following her injury. Since it is stipulated that she was incapacitated from earning 'full wages' during a period of two weeks the last sentence of § 3, which

gives right to compensation for the first week's loss when the incapacity to earn 'full wages' extends for two weeks, would require that we reverse the referee on this issue and hold that plaintiff is entitled to be compensated because of her incapacity to earn full wages during the first week following her injury. The stipulated facts show that plaintiff had no earnings whatsoever during the first week following the injury. She is, therefore, entitled to be compensated at the rate of $64 for the loss of earnings suffered during the first week following her injury. The order of the referee shall be so modified."

The issue common to both cases, and of primary importance upon this review, may be restated as follows: *Where an employee, because of an injury arising out of and in the course of his employment, loses (1) all of his earnings during the first week following the date of his injury and (2) a portion of his earnings during the second week following the date of his injury, is such employee entitled to receive compensation benefits for both the first and second weeks following the date of injury, pursuant to MCLA 412.3; MSA 17.153?*

Plaintiff Guy Phipps, injured on January 23, 1967, returned to his place of employment on February 5, 1967; 13 days, 19–1/2 hours after his injury. Plaintiff Sarah Valt, injured on May 23, 1968, returned to her place of employment on June 3, 1968; 11 days after her injury. Both cases, therefore, present situations wherein the injured parties were absent from their places of employment, on account of said injuries, for periods each totaling less than two full calendar weeks.

Section 3, Part II, of the Workmen's Compensation Act, MCLA 412.3; MSA 17.153 provides:

"No compensation shall be paid under this act for any injury which does not incapacitate the employee

for a period of at least 1 week *from earning full wages,* but if incapacity extends beyond the period of 1 week, compensation shall begin on the eighth day after the injury. *If such incapacity continues for 2 weeks or longer* or if death results from the injury, *compensation shall be computed from the date of the injury."*[2]   (Emphasis supplied.)

Subsection 9(a), Part II, of the act, MCLA 412.9 (a); MSA 17.159(a), dealing with the computation of benefits in the case of total incapacity, states:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, *a weekly compensation of 66–2/3% of his average weekly wages,* but not more than [the amounts thereinafter specified]."   (Emphasis supplied.)

Likewise, subsection 10(a), Part II, of the act, MCLA 412.10(a); MSA 17.160(a), dealing with compensation on account of partial incapacity, provides:

"While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee *a weekly compensation equal to 66–2/3% of the difference between his average weekly wages*

---

[2] With regard to computation of benefits under the act, section 11 thereof, MCLA 412.11; MSA 17.161 provides in part:

"The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the injury, the same to be fixed as of the time of the injury, but to be determined in view of the nature and extent of the injury. The compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury.

"The term 'average weekly wage', as used in this act, is defined to be the weekly wage earned by the employee at the time of his injury but in no case less than 40 times his hourly rate of wage or earning."

*before the injury and the average weekly wages which he is able to earn thereafter,* but not more than [the amount thereinafter specified]." (Emphasis supplied.)

The arguments of the parties will hereinafter be summarized. It is to be noted that no appellate brief has been filed in this cause by, or on behalf of, plaintiff Guy Phipps.

Plaintiff Sarah Valt claims that a reading of § 3, Part II, of the Workmen's Compensation Act will reveal the legislative intent that a recapture by an injured employee of the first week of compensation, in accordance therewith, may be had on account of *any incapacity extending into a second week;* that incapacity from earning "full wages", as *per* § 3, Part II, of the act, requires only that the employee be unable to earn, at the least, his "average weekly wages", as defined in § 11, Part II, of the act (footnote 2); and that, in this case, "full wages" were lost by plaintiff herein for two weeks due to her inability to earn her "average weekly wage" for either of those two weeks.[3] Further, plaintiff contends that the intent of the Legislature was that all disabled employees, whether totally or partially disabled, were to be compensated, under §§ 9(a) and 10(a), Part II, of the act, hereinbefore set forth at p 211, at 66-2/3% of their lost earnings (with a maximum of $64 appropriate here) per week; and that, in no case was compensation intended to be

---

[3] Plaintiff refers to, and relies upon, OAG, 1967–1968, No 4612, p 243 (May 27, 1968), wherein it is stated in part (p 245):

"However, *a week is * * * a period of seven consecutive days,* and in order that it entitle an injured worker to compensation, he must have been incapacitated from earning full wages during that period. If, during such period, he is incapacitated for even one day or part of a day from earning wages, it follows that, during that week, he is incapacitated from earning full wages." (Emphasis supplied.)

awarded on other than a weekly basis, that is, on the basis of fractional portions of the workweek.[4]

Defendants Woodall Industries, Inc., the employer of plaintiff Sarah Valt, and Associated Indemnity Corporation, in their brief on appeal, assert that "such incapacity" as used in § 3 of the act, refers to total incapacity. They contend that the waiting period stated in that section, *i.e.*, "a period of at least 1 week from earning full wages", and incapacity which "continues for 2 weeks or longer", were each intended to have the same type (total) incapacity occur. Defendants claim that to declare that a week of incapacity, which would allow for compensation of benefits from date of injury, may be less than seven days of inability to earn any wages, or, in other words, a week of partial incapacity would be contrary to past administrative practice. Defendants note the understanding of all parties that according to the act, if an employee is injured and unable to earn any wages for one week, returning to work thereafter at full wages, he receives *no* benefits. They assert, however, that according to the decision of the appeal board, if an employee is injured and loses one hour of work— and wages—in each of the two weeks following the injury (for example, on the day following injury and again eight days later), such losses are compensable. Defendants urge that such an interpretation of the act—to compensate one employee for the loss of two hours of work while not compensat-

---

[4] OAG, 1967–1968, No 4612, p 243 (May 27, 1968), further stated in part (p 245):

"There is no language in the act which permits payment on the basis of a fraction or percentage of total weekly compensation, which fraction or percentage corresponds to the fraction or percentage of the workdays lost in a week. In this connection, it should be noted that the Director of the Workmen's Compensation Department has advised that the tables entitled 'Daily Compensation Rates' are to be deleted from the department's next published compilation of the act and rules of practice."

ing an employee who loses a week of work—would lead to absurd and patently unfair results. Defendants argue that where the statutory requirements are satisfied, paying total disability benefits on a daily basis of 1/6 of the weekly rate (on the basis of a six-day workweek) for each day, or periods of less than a full week of total disability, has been the proper way of paying such benefits; and that such a method of calculation of benefits is not inconsistent with the act's provisions. Defendants, responding to plaintiff's argument that the act does not contain language which would permit payment to an injured employee of a fraction of total weekly compensation, contend that such argument is valid as regards the concept of *partial disability* only, but that for periods of *total disability—complete inability to earn any wages*—of less than a week, following the waiting period, an appropriate portion of the weekly rate of compensation benefits should be paid.

Defendants Campbell, Wyant & Cannon Foundry and Aetna Casualty & Surety Company claim that the Workmen's Compensation Appeal Board improperly interpreted § 3, Part II, of the act, and that portion of the statute providing that,

"No compensation shall be paid under this act for any injury which does not incapacitate the employee for a period of at least 1 week from earning full wages"

was erroneously construed so as to provide that,

"No compensation shall be paid under this act for any injury which does not incapacitate the employee for a period of at least 1 week from earning full *weekly* wages."

Defendants claim that the board further misinterpreted the provision of § 3 which states that,

"If such incapacity continues for 2 weeks or longer * * * compensation shall be computed from the date of the injury"

to read as if it stated that,

"If such incapacity from earning full weekly wages continues for [or into] the second week or longer * * * compensation shall be computed from the date of the injury."

Defendants insist that the board's decisions in the cases under consideration conflict with the very wording of the statute; that said statute clearly provides that an employee is entitled to *no* compensation whatsoever unless disabled from earning full wages *for at least one week after injury;* the employee to be paid benefits computed from the *eighth day* after the injury if incapacity extends beyond the period of one week; and to be paid for the first week of incapacity if such incapacity to earn full wages *continues for two weeks or longer* or results in death. Defendants submit that "full wages" is to be equated with "all wages", inferring that if an employee earns *some* wages during a period of a week, he has not lost full wages. Defendants insist that, had the Legislature intended an injured employee to recover for the first week of incapacity whenever that incapacity extends to any portion of the eighth day following the injury, it could have written § 3, Part II, of the act to clearly provide therefor as follows:

"[B]ut if incapacity extends beyond the period of 1 week, compensation shall begin on the eighth day after the injury computed from the date of the injury."

The proper interpretation to be given to § 3, Part II, of the Workmen's Compensation Act revolves around a proper construction of the term

"full wages" as used therein. An incapacity to earn full wages for a week, sufficient to invoke operation of the statute, is not satisfied by the mere loss of an hour's wages, or even by loss of all wages for a day or two days out of a week. Rather, in order to accord to the act a reasonable construction,[5] incapacity from earning full wages for one week must be interpreted to require, at the minimum, the earning by an employee of *less than his average daily wage on each and every working day of the week.* This interpretation would appear reasonable in view of the language of § 3 which provides, in terms of days, that, if incapacity extends beyond one week, compensation begins on the *eighth day* and, further, if such incapacity continues for two weeks, *i.e.,* beyond the eighth, nine, tenth, days, *etc.,* compensation is to be computed for the first week, *i.e.,* from date of injury.

It is a well-settled principle of statutory construction that words in a statute are to be given their ordinary and usual meaning unless it appears from the context of the statute or otherwise that a different meaning was intended. *Chou* v *Hilgers,* 32 Mich App 201 (1971). Also, in the construction of a statute, it is regarded as reasonable to assume, presume, or conclude *prima facie,* that words used in one place in a statute have the same meaning in every other place in the statute. See 50 Am Jur, Statutes, § 271, p 259.

A "week" is defined as "a period of seven consecutive days of time". Black's Law Dictionary (4th ed), p 1765. The word "for" has been defined

---

5 In *Hite* v *Evart Products Co,* 34 Mich App 247, 251 (1971), this Court stated that "[T]he Workmen's Compensation Act, as other statutes, should be construed reasonably in the light of the purpose which it seeks to accomplish. *Benjamin* v *Huntington Woods,* 349 Mich 545, 555 (1957)." The act seeks, among other things, to compensate employees *for disability resulting from . occupational injury.* See footnote 1.

as "during; throughout; for the period of". Black's
Law Dictionary (4th ed), p 772. Thus, § 3, Part II,
of the act may, it seems, be correctly rephrased to
convey the following meaning:

"No compensation shall be paid under this act
for any injury which does not incapacitate the em-
ployee *for a period of at least 7 consecutive days
from earning full wages* [*i.e., at least average daily
wages on each and every working day* of the week],
but if incapacity extends *beyond the period of 7
consecutive days,* compensation shall begin on the
eighth day after the injury. If such incapacity
continues *for the period of 14 consecutive days or
longer,* or if death results from the injury, com-
pensation shall be computed from the date of the
injury."

Pursuant to the foregoing interpretation of § 3,
Part II, of the act, an injured employee, returning
to his employment on the 15th consecutive calendar
day, or later, following injury, and having been
unable, on *each* workday during that period, to earn
at least his average daily wage, would be accorded
compensation benefits for both weeks of incapacity.
Accordingly, in the instant cases, the injured plain-
tiffs, each having returned to their employment prior
to the elapse of 14 calendar days following their
injuries, are not entitled to compensation for the
first week of incapacity under the statute as herein
construed.

Plaintiffs, in the cases at hand, each being en-
titled to obtain compensation benefits for the sec-
ond week of incapacity, as computed from the eighth
calendar day of incapacity (see § 3), it must be
determined how the benefits to be accorded are to
be computed. Plaintiff Valt urges that §§ 9 and 10,
Part II, do not provide for the computing of bene-
fits in terms of fractional portions of the week,

which method would result in compensating only for the number of workdays during which plaintiffs are actually incapacitated; defendants, on the other hand, urging that compensation should be computed on the basis of fractional portions of a workweek, less than a full week, during which incapacity persists.

In § 9(a), Part II, dealing with total incapacity, provision is made for a *weekly compensation* equal to 66-2/3% of the employee's average weekly wage, subject to the limits set in the statute. In order to compensate an employee for the actual period of disability, the weekly compensation figure must be divided by the number of days in the particular employee's own workweek to arrive at the amount of compensation owing for each day of the week during which the disability persists. The daily compensation figure, multiplied by the number of days of the employee's incapacity, will provide the amount of compensation benefits owing the employee.

The result herein deemed proper will, in the case of total incapacity, compensate an employee who incurs a work-related injury for time actually lost from his employment as a result of the injury.

Reversed and remanded for proceedings in accordance with this opinion.

No costs, interpretation of a statute and a public questions being involved.

All concurred.