PEIFFER v GENERAL MOTORS CORPORATION

Docket No. 103944. Submitted March 23, 1989, at Lansing. Decided
    June 19, 1989.

Ronald Peiffer, an employee of General Motors Corporation,
    suffered a work-related injury on April 21, 1980. As a result of
    that injury, Peiffer did not work on April 26 and 27, May 3 and
    4, and May 10 and 11, 1980. Peiffer applied for workers'
    compensation benefits for the time he was off work. The work-
    ers' compensation referee found that the submitted proofs did
    not establish a compensable disability period for which benefits
    could be awarded. Peiffer appealed that decision and the Work-
    ers' Compensation Appeal Board reversed, finding that an
    injured employee is entitled to compensation for any week in
    which he has a diminution of earnings due to injury for any
    part of that week. General Motors appealed.

The Court of Appeals *held:*

An injured employee is not entitled to workers' compensation
    benefits unless he is incapacitated by the injury for at least
    seven consecutive days. Peiffer is not entitled to workers'
    compensation benefits.

Reversed.

WORKERS' COMPENSATION — COMPUTATION OF BENEFITS.

Compensation will not be paid under the Workers' Disability
    Compensation Act for any injury which does not incapacitate
    the employee for a period of at least seven consecutive days
    from earning full wages, i.e., at least average daily wages on
    each and every working day of the week, but if incapacity
    extends beyond the period of seven consecutive days, compensa-
    tion will begin on the eighth day after the injury; if such
    incapacity continues for the period of fourteen consecutive days
    or longer, or if death results from the injury, compensation will
    be computed from the date of the injury (MCL 418.311; MSA
    17.237[311]).

REFERENCES
Am Jur 2d, Workmen's Compensation §§ 338 *et seq.*
See the Index to Annotations under Worker's Compensation.

*Rapaport, Pollok, Farrell & Sablich, P.C.* (by *Roger Rapaport*), for plaintiff.

*Anderson, Green, Ingram & Anderson, P.C.* (by *David L. Ingram*), for defendant.

Before: MACKENZIE, P.J., and HOOD and GRIBBS, JJ.

GRIBBS, J. Defendant General Motors Corporation appeals by leave granted a decision and order by the Workers' Compensation Appeal Board awarding plaintiff Ronald Peiffer partial disability benefits. The issue on appeal is whether the WCAB correctly applied the law when it awarded benefits to Peiffer when he lost wages for six nonconsecutive days over a three-week period. We reverse.

This matter was submitted to the Bureau of Workers' Disability Compensation on the following stipulated facts:

1. That both parties are subject to the Act.
2. That there is an employment relationship between the parties.
3. That the plaintiff began the employment relationship with the defendant on October 28, 1961.
4. That proper and timely report, notice and claim of injury which occurred on April 21, 1980, were made.
5. That during a three week period in 1980, the plaintiff did not work on the following days:
  (a) April 26 and 27, 1980
  (b) May 3 and 4, 1980
  (c) May 10 and 11, 1980
6. That prior to April 21, 1980, plaintiff's average weekly wage was $659.20, with an hourly wage of $9.12 per hour plus a $.26 cost of living adjustment.
7. That for the three weeks in question plaintiff's actual wages were:
  (a) April 21 through 27, 1980:        $383.60

(b) April 28 through May 4, 1980:        $383.60
(c) May 5 through May 11, 1980:        $638.70
8. That for the weeks in question, the Plaintiff lost wages in the following amount:
(a) April 21 through 27, 1980:        $275.60
(b) April 28 through May 4, 1980:        $275.60
(c) May 5 through May 11, 1980:        $ 20.50

By a decision mailed January 28, 1982, a workers' compensation referee found that the submitted proofs did not establish a compensable disability period for which benefits could be awarded. A timely application for review of plaintiff's claim was filed with the Workers' Compensation Appeal Board. By its decision mailed September 14, 1987, the WCAB reversed.

The WCAB's decision was implicitly based on its interpretation of MCL 418.311; MSA 17.237(311):

No compensation shall be paid under this act for any injury which does not incapacitate the employee from earning full wages, for a period of at least 1 week, but if incapacity extends beyond the period of 1 week, compensation shall begin on the eighth day after the injury. If incapacity continues for 2 weeks or longer or if death results from the injury, compensation shall be computed from the date of the injury.

The WCAB found that, under § 311, an injured employee is entitled to compensation for any week in which he or she has a diminution of earnings due to injury for any part of that week. The WCAB relied on its reading of the various opinions issued by the Supreme Court in *Valt v Woodall Industries, Inc,* 391 Mich 678; 219 NW2d 411 (1974). We now reverse.

In *Phipps v Campbell, Wyant & Cannon Foundry,* 39 Mich App 199; 197 NW2d 297 (1972),

aff'd by an equally divided court sub nom *Valt v Woodall Industries, Inc,* 391 Mich 678; 219 NW2d 411 (1974), this Court interpreted § 311 as providing that no compensation shall be paid unless an injury incapacitates the employee for at least seven consecutive days:

> It is a well-settled principle of statutory construction that words in a statute are to be given their ordinary and usual meaning unless it appears from the context of the statute or otherwise that a different meaning was intended. *Chou v Hilgers,* 32 Mich App 201 [188 NW2d 243] (1971). Also, in the construction of a statute, it is regarded as reasonable to assume, presume, or conclude *prima facie,* that words used in one place in a statute have the same meaning in every other place in the statute. See 50 Am Jur, Statutes, § 271, p 259.
>
> A "week" is defined as "a period of seven consecutive days of time." Black's Law Dictionary (4th ed), p 1765. The word "for" has been defined as "during; throughout; for the period of." Black's Law Dictionary (4th ed), p 772. Thus, § 3, Part II, of the act may, it seems, be correctly rephrased to convey the following meaning:
>
> "No compensation shall be paid under this act for any injury which does not incapacitate the employee *for a period of at least 7 consecutive days from earning full wages [i.e., at least average daily wages on each and every working day of the week],* but if incapacity extends *beyond the period of 7 consecutive days,* compensation shall begin on the eighth day after the injury. If such incapacity continues *for the period of 14 consecutive days or longer,* of if death results from the injury, compensation shall be computed from the date of the injury." [*Phipps,* 39 Mich App 216-217 (emphasis in original).]

*Phipps'* companion case, *Valt,* was appealed and affirmed by an equally divided Michigan Supreme

Court. Since a majority of our Supreme Court did not agree on a ground for decision in *Valt,* the case has no precedential value. *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). Consequently, the WCAB's reliance on *Valt* was misplaced, and *Phipps* remains the applicable precedent in this matter.

Reversed.